IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MORATIS, *et al*,<br><br>*Plaintiffs*,<br><br>v.<br><br>WEST PENN MULTI-LIST, INC, *et al*,<br><br>*Defendants*. | Civil Action No. 2:23-cv-2061<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM ORDER**

Pending before the Court is Plaintiffs' Motion for Entry of Partial Final Judgment Under Rule 54(b). (ECF No. 158). On October 7, 2024, the Court dismissed all of Plaintiffs' claims against Defendants West Penn Multi-List, Inc., Everest Consulting Group LP, and Howard Hanna Company ("Dismissed Defendants"). It issued a Partial Judgment Order in their favor and terminated them as parties to this action. (ECF Nos. 152-153).[1] On November 8, 2024, Plaintiffs filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit that was docketed at No. 24-3101. (ECF No. 157). On December 5, 2024, the Third Circuit issued an order stating that "[i]f the appellants decide to request a Rule 54(b) certification from the district court during this appeal, they should inform this Court of any such motion and its

---

[1] Prior to this, in an effort to conserve party and judicial resources during the pendency of the proposed settlement in *Gibson et al. v. Nat'l Ass'n of Realtors et al.,* No. 4:23-cv-788 (W.D. Mo.) the Court stayed the case as to Defendants MHDM LLC (d/b/a Realty One Group Gold Standard), SF, LLC (d/b/a Realty One Group Platinum), and Realty One Group Horizon, LLC. (ECF No. 114). Due to the pendency of the proposed related settlement pertaining to *Burnett et al. v. Nat'l Ass'n of Realtors et al.*, No. 4:19-cv-332, (W.D. Mo.) the Court also stayed the case as to Defendants Bovard-Anderson Co. and Reedstone, Inc. (ECF No. 117) (collectively, "Stayed Defendants"). In July 2024, the Court entered default against Priority Realty LLC and River Point Realty LLC ("Defaulted Defendants."). (ECF Nos. 135, 136). Therefore, on October 7, 2024, the Court stayed and administratively closed the case as all remaining defendants were stayed or in default.

disposition." (No. 24-3101, ECF No. 22). Then, on July 30, 2025, the Third Circuit dismissed the appeal for lack of appellate jurisdiction, but it noted:

> The appeal is dismissed without prejudice to the right of Appellants to apply to the district court for a determination and direction under Fed. R. Civ. P. 54(b). *See Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219–23 (3d Cir. 2012); *see Berckeley Inv. Grp., Ltd.*, 259 F.3d at 140–41, 145. However, we express no opinion as to whether the determination and direction should be made, this being a matter within the discretion of the district court.

(ECF No. 164, p. 2). For the following reasons, the Court will grant Plaintiffs' motion.

"Federal Rule of Civil Procedure 54(b) was first promulgated in 1939 to permit the district court to enter partial final judgments" on "less than all of the claims." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 140 (3d Cir. 2001) (cleaned up). By allowing a district court to enter a final judgment on an order adjudicating only a portion of the matters pending before it, and thus allowing an immediate appeal, Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Elliot v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012) (citing *Allis–Chalmers Corp. v. Phila Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975)). Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). A district court "must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "Once having found

finality, the district court must go on to determine whether there is any just reason for delay," *id.* at 8, and explain the basis for that determination, *Elliott*, 682 F.3d at 221 n.5.[2]

The Court entered the following Partial Judgment Order on October 7, 2024:

> pursuant to Federal Rule of Civil Procedure 58, IT IS HEREBY ORDERED that judgment is entered in the form of dismissal with prejudice of Plaintiffs' complaint against Defendants West Penn MLS, Everest Consulting Group LP, and Howard Hanna Company. Defendants West Penn MLS, Everest Consulting Group LP, and Howard Hanna Company are hereby terminated as parties to this action.

(ECF No. 153). There is no question that this is a final judgment as to the Dismissed Defendants. The order disposed of all claims and liability against them and terminated them as parties in the case. The issue is whether there is no just reason for delaying the entry of final judgment against the Dismissed Defendants.

In determining whether a partial final judgment is appropriate, relevant considerations include: "the relationship between the adjudicated and unadjudicated claims"; "the possibility that the need for review might or might not be mooted by future developments in the district court"; "the possibility that the reviewing court might be obliged to consider the same issue a second time"; "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final"; and "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Allis-Chalmers Corp.*, 521 F.2d at 364. The Court finds that there is no just reason for delay here, and the entry of final judgment is appropriate.

---

[2] To facilitate the Third Circuit's review, it has "consistent[ly] require[d] that the district courts provide a brief statement of reasons," explaining how they "balanced the competing concerns that inform our interpretation of Rule 54(b)." *Carter v. City of Philadelphia*, 181 F.3d 339, 347 (3d Cir. 1999). This is not a "jurisdictional prerequisite," so "the absence of an explanation by the district court" does not require a remand for further explanation "when the propriety of the appeal may be discerned from the record." *Id.* at 345–46.

3

Plaintiffs maintain that they "intend to appeal the dismissal on the grounds that the Complaint sufficiently alleged an agreement to violate the antitrust laws." (ECF No. 159, p. 6). They "seek review of a legal determination: whether a price-fixing agreement allowing $0 compensation is illegal." (ECF No. 165, p. 5). The Court concurs with Plaintiffs that,

> An immediate appeal of the claims against the Dismissed Defendants would allow the Third Circuit to pass judgment on that singular legal conclusion. If the Third Circuit affirms the dismissal, then the Complaint will be conclusively rendered non-viable as to both the Dismissed Defendants and, for the same reasons, the Stayed Defendants. …. If the Third Circuit reverses—finding that the Complaint adequately states a claim—the case will proceed against the Dismissed Defendants and the Third Circuit's reasoning will equally apply to the Stayed Defendants.

(ECF No. 159, pp. 12-13). Granting Rule 54(b) certification does not risk duplicative appeals. The Third Circuit's ruling as to whether the complaint alleged an unlawful agreement will apply equally to all defendants. If the *Gibson* settlement is reversed, Plaintiffs' claims will be dismissed against the Stayed Defendants for the reasons already outlined by the Court should they pursue a motion to dismiss.

Although the district court in *Gibson* has given final approval to the national settlement, the decision is currently on appeal in the United States Court of Appeals for the Eighth Circuit. *Gibson v. Mullis*, No. 24-3473 (8th Cir.). No development in the Eighth Circuit's consideration of *Gibson* will moot Plaintiffs' proposed appeal. Plaintiffs' concern that the settlement in *Gibson* will continue to be litigated for years is well-founded, especially when additional parties may continue to settle, get final approval, and be consolidated with *Gibson*.

The Court holds that there is no need to delay the Third Circuit's resolution of a discrete legal issue. Permitting Rule 54(b) certification is judicially efficient in the unique circumstances of this case.

AND NOW, this **25** day of August 2025, IT IS HEREBY ORDERED that Plaintiffs' Motion for Entry of Partial Final Judgment Under Rule 54(b) (ECF No. 158) is GRANTED. For the reasons set forth herein, the Court's Partial Judgment Order (ECF No. 153) is certified to be a final judgment for the purposes of Rule 54(b). There is no just reason for the delay of entry of final judgment. A final judgment order shall follow.

BY THE COURT:

/s/ William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE